UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY,<br><br>  Plaintiff,<br><br>  v.<br><br>THERESA CISNEROS, *et al.*,<br><br>  Defendants. | Case No. 1:22-cv-00270-CDB (PC)<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. 14) |

Plaintiff Reginald Wayne Whatley is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under 42 U.S.C. § 1983. On May 24, 2023, Plaintiff filed a motion for the appointment of counsel. (Doc. 14.) As grounds, Plaintiff states he has a poor education and a 4.0 TABE score; he is unable to investigate his claims; he cannot get copies and evidence he will need for trial. (*Id.*)

Plaintiff does not have a constitutional right to appointed counsel in this action. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). The district courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court seeks

volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court does not find that this case presents the required exceptional circumstances. Even assuming Plaintiff is not well-versed in the law and he has made serious allegations that, if proven, would entitle him to relief, this case is not exceptional. The Court is faced with similar cases almost daily. While the Court recognizes Plaintiff is at a disadvantage due to his *pro se* status and her incarceration, the test is not whether Plaintiff would benefit from the appointment of counsel. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) ("Most actions require development of further facts during litigation and a pro se litigant will seldom be in a position to investigate easily the facts necessary to support the case."). The test is whether exception circumstances exist, and they do not in this case.

At this stage of the proceedings, the Court cannot determine whether Plaintiff is likely to proceed on the merits of his claim. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that would warrant a request for voluntary assistance of counsel. Also, based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Indeed, the Court has reviewed the dockets in at least four other § 1983 actions that Plaintiff commenced in the Southern District of California prior to commencing the instant suit and it appears Plaintiff, without counsel, is more than capable of articulating claims, preparing amended pleadings, responding to motions – and in at least two of those cases, settling the matters to the parties' mutual satisfaction.[1]

Plaintiff is advised that in ruling on any matters, the Court will thoroughly review the record of the case and research the relevant legal standards.

---

[1] *See Whatley v. Valdovinos*, No. 3:18-cv-02761-CAB-DEB (S.D. Cal.); *Whatley v. Gray*, No. 3:17-cv-01591-DMS-NLS (S.D. Cal.); *Whatley v. Day*, No. 3:16-cv-02286-BTM-JLB (S.D. Cal.); *Whatley v. Arciniega*, No. 1:15-cv-2632-BAS-RBB (S.D. Cal).

Plaintiff has requested an update on the status of his case. The docket indicates different judges have been assigned to this case, which is indicative of the case management challenges presently faced by the Court. "This Court has one of the heaviest caseloads in the nation, and due to unfilled judicial vacancies, which is further exacerbated by the Covid-19 pandemic, operates under a declared judicial emergency." *Harris v. Fisher*, No. 1:22-cv-00716-HBK (PC), 2022 WL 4473384, at *1 (E.D. Cal. Sept. 26, 2022) (considering involuntary dismissal under Fed. R. Civ. P. 41); General Order 662, Coronavirus Public Emergency Authorizing Video-Teleconferencing and Telephone Conferencing for Criminal Proceedings Under Section 15002 of the Coronavirus Aid, Relief, and Economic Security (CARES) Act (E.D. Cal. Mar. 24, 2023); *accord Atayde v. Napa State Hosp.*, No. 1:16-cv-00398-DAD-SAB, 2022 WL 1215234, at *1 (E.D. Cal. Apr. 25, 2022), *recons. denied*, 2022 WL 2392619 (E.D. Cal. July 1, 2022) ("This court's overwhelming caseload has been well publicized and the long-standing lack of judicial resources in this district long-ago reached crisis proportion."); *Avery v. Stainer*, No. 2:18-cv1302-JAM-ACP, 2020 WL 2857935, at *4 (E.D. Cal. Apr. 13, 2020) ("[P]laintiff is advised that the Eastern District of California maintains one of the heaviest caseloads in the nation, a significant portion of which is comprised of *pro se* inmate cases. This sometimes causes unavoidable delays in the resolution of individual matters."). While the Court regrets the delay, the Court advises Plaintiff that the complaint will be screened in due course, as early as practicable.

Accordingly, it is hereby ORDERED that Plaintiff's motion for the appointment of counsel, (Doc. 14), is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **May 25, 2023**

UNITED STATES MAGISTRATE JUDGE

3