UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY,<br><br>Plaintiff,<br><br>v.<br><br>THERESA CISNEROS, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00270-CDB<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS CERTAIN CLAIMS FOLLOWING SCREENING**<br><br>(Docs. 22, 23)<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to assign District Judge |

Plaintiff Reginald Wayne Whatley is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to U.S.C. section 1983.

**I.     INTRODUCTION**

The Court issued its First Screening Order Requiring Response from Plaintiff on August 4, 2023. (Doc. 17.) Plaintiff was directed to file one of the following: (1) a first amended complaint limited to 25 pages; (2) written notice that he wished to stand on his complaint; or (3) a notice of voluntary dismissal. (*Id*. at 9.)

Following the Court's grant of two requested extensions of time (*see* Docs. 19, 21), on November 15, 2023, Plaintiff timely filed his first amended complaint. (Doc. 22.)

**II.     SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a

governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

### III.   PLEADING REQUIREMENTS

#### A.   Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claims showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks & citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Id.* (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of pro se prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal theories. *Neitzke v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks & citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

marks & citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks & citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legal required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

### C. Supervisory Liability

Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. *Iqbal*, 556 U.S. at 676-77; *see e.g., Simmons v. Navajo Cty., Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010) (plaintiff required to adduce evidence the named supervisory defendants "themselves acted or failed to act unconstitutionally, not merely that subordinate did"), *overruled on other grounds by Castro v. C'nty of Los Angeles,* 833 F.3d 1060, 1070 (9th Cir. 2016); *Jones v. Williams,* 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983").

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). Accord *Starr*

*v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011) (supervisory liability may be based on inaction in the training and supervision of subordinates).

Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional violation." *Redman v. Cty. of San Diego*, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations & quotations marks omitted), *abrogated on other grounds by Farmer v. Brennan*, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." *Waggy v. Spokane County Washington*, 594 F.3d 707, 713 (9th Cir.2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. *See Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

**IV.    DISCUSSION**

**A.  Plaintiff's First Amended Complaint**

Plaintiff names Warden Theresa Cisneros and Facility Captain A. Baer, employed at the California Substance Abuse Treatment Facility (SATF) in Chowchilla, as well as Kathleen Allison, the Director of the California Department of Corrections and Rehabilitation (CDCR), as Defendants in this action. (Doc. 22 at 1, 5.) Plaintiff seeks monetary damages, attorney's fees,[1] and costs of suit. (*Id*. at 16.)

**B.  The Factual Allegations**[2]

Plaintiff states he is a "life prisoner" and has been in CDCR custody since 2010 and housed at SATF since 2019. (Doc. 22 at 6.) Plaintiff asserts SATF was constructed in 1998 and

---

[1] Plaintiff, who is proceeding pro se, is not entitled to attorney's fees. *Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

[2] Plaintiff's first amended complaint includes a heading titled "Preliminary Statement." (*See* Doc. 22 at 2-4.) The information included there will be referenced where appropriate.

4

1  CDCR "used one subcontractor to install all building roofs … using five part roofing method of a
2  steel deck, permeated vapour [sic] barrier to prevent water leakage …." (*Id*. at 6-7.) The roofing
3  system "failed entirely at SATF, E Facility, Building E-3, wherein Plaintiff was housed." (*Id*. at
4  7.)

5        Plaintiff asserts his cell suffered repeated water damage from the roof leak and it damaged
6  his personal property. (Doc. 22 at 7.) Polluted water from "animal feces, rodents, rats and bird
7  droppings" streamed down the ceilings and walls, affecting bedding, clothing, food storage, and
8  the floor. (*Id*.) Building E-3 "suffered consistent water damage" and "hazardous waste" was
9  present in several areas. (*Id*.) Plaintiff contends inmate porters were often assigned to mop up the
10 water in common areas of the building. (*Id*.) He maintains he was "involuntarily assigned to cell
11 E3-235-Low" on the second tier "in C range where all inmates on that range were required to exit
12 the tier from a single steel staircase upon order of staff …." (*Id*.) Plaintiff asserts he repeatedly
13 sought ground floor accommodations due to the dangerous conditions, his limited mobility,
14 health, and age, but was denied lower bunk status. (*Id*. at 8.)

15       Next, Plaintiff contends that on June 4, 2019, in an action before the Kings County
16 Superior Court, a state court judge found the "extensive water leaks, mold and mice feces" in the
17 facility were unconstitutional and CDCR's repairs were insufficient to prevent harm to the
18 inmates. (Doc. 22 at 8.) Plaintiff states that about six months after the state court's decision, his
19 water cascading down the walls of his cell caused his television to short and endangering him due
20 to the threat of fire. (*Id*. at 9.) Plaintiff reported the incident; an officer indicated he would "log
21 the loss" and admitted prison staff were "aware that C Side cells leak when it rains." (*Id*.) Plaintiff
22 states his television was replaced "[w]ithout argument." (*Id*.)

23       On March 21, 2021, at about 6:30 a.m., Plaintiff alleges he fell from the metal stairs
24 "while using prudent, reasonable and diligent care during or immediately after a rain storm."
25 (Doc. 22 at 9.) Grabbing the safety rails as he exited the second tier, Plaintiff's right hand slipped
26 on the wet and slippery railing, causing him to lose his footing at the top of the stairs. (*Id*.)
27 Plaintiff states he "soared into the air landing on his back" and slid down 12 to 16 steps. (*Id*.) He
28 was knocked unconscious for some time and awoke "in agony with CDCR Emergency Personnel

responding." (*Id.*) Plaintiff was placed on a stretcher and received medical care. (*Id.* at 9-10.) Plaintiff states his injuries were extensive. (*Id.* at 10.) He is designated ADA and mobility impaired, is prohibited from lifting more than 19 pounds, has endured three years of continuing physical therapy, repeated neurological specialist referrals, examinations, diagnostics, and treatment. (*Id.*)

Plaintiff contends the named Defendants had a statutory and constitutional duty of care and were "repeatedly and openly made aware of the deprivations and unconstitutional conditions, readily admitted the inhabitable and unconstitutional conditions yet failed to correct them." (Doc. 22 at 10.) He maintains the deprivations were serious and that Defendants were deliberately indifferent by disregarding an excessive risk to his health and safety. (*Id.*) Plaintiff contends the "two year protracted period between the Court's Order of June 4, 2019, and the fall on March 15, 2021," demonstrates a "callous disregard." (*Id.*) He argues the Defendants "breached and abandoned their constitutional duty of care," directly causing his injuries. (*Id.*)

Plaintiff alleges he is "now infirm and unable to continue in [his chosen] field as a Demolition expert and Recycleable Metal Dealer wherein he earned in excess of one hundred thousand dollars a year." (Doc. 22 at 11.) He states he "can no longer pick up even the lightest of materials" after March 15, 2021. (*Id.*)

### C. Plaintiff's Claims

Plaintiff presents three claims against the named Defendants: (1) Eighth Amendment conditions of confinement; (2) a state law negligence claim; and (3) a premises liability claim. (Doc. 22 at 11-15.) Plaintiff asserts he has exhausted his administrative remedies and "has fully exhausted with the State of California and the department all Tort Claims requirements within six months of the accident." (Id. at 15.)

<u>Claim One: Eighth Amendment Conditions of Confinement</u>

Plaintiff contends Defendants Cisneros, Baer, and Allison knowingly inflicted "physical, emotional, and mental abuse upon Plaintiff due to the continuation, after issuance of the Kings County Court Order of June 4, 2019, of the unconstitutional conditions and inhabitability of the E3 Housing Building at SAFT yet continued to house [him] in such deplorable conditions of filth,

contamination, deploreable [sic] conditions causing extreme cold, hold, and flooded conditions in housing units." (Doc. 22 at 11.) He maintains Defendants "knew that such conditions would be harmful" to his health and safety, but "failed to timely and effectively mitigate the danger and risks." (*Id.*) Defendants acted with reckless disregard, causing his injuries, and entitling him to damages. (*Id.* at 11-12.)

The Eighth Amendment protects prisoners from inhumane methods of punishment and from inhumane conditions of confinement. *Farmer v. Brennan*, 511 U.S. 825 (1994); *Morgan v. Morgensen*, 465 F.3d 1041, 1045 (9th Cir. 2006). Thus, no matter where they are housed, prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety. *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000) (quotation marks & citations omitted). To establish a violation of this duty, a prisoner must first demonstrate an objectively serious deprivation, one that amounts to the denial of "the minimal civilized measures of life's necessities." *Keenan v. Hall*, 83 F.3d 1083, 1089 (9th Cir. 1996) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981)). Second, a prisoner must demonstrate that prison officials acted with "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 303 (1991); *Johnson*, 217 F.3d at 733. A prison official is liable for denying an inmate humane conditions of confinement only if "the official knows of and disregards an excessive risk to inmate health and safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837.

"Slippery floors without protective measures could create a sufficient danger to warrant relief" when an inmate alleges facts that exacerbate the danger resulting from such conditions. *Frost v. Agnos*, 152 F.3d 1124, 1129 (9th Cir. 1998); *Osolinski v. Kane*, 92 F.3d 934, 938 (9th Cir. 1996).

Liberally construing the first amended complaint, Plaintiff states plausible Eighth Amendment conditions of confinement claims against Defendants Cisneros, Baer, and Allison. He asserts those prison officials knowingly denied him the "minimal civilized measures of life's necessities" by failing to provide adequate shelter and personal safety and disregarding the

excessive risk presented; he contends all were aware of ongoing and long standing dangerous conditions presented and state court findings that the conditions were dangerous and unconstitutional, placing inmates at serious risk of harm. *Farmer*, 511 U.S. at 837; *Johnson*, 217 F.3d at 731; *Frost*, 152 F.3d at 1129; *Keenan*, 83 F.3d at 1089; *Taylor*, 880 F.2d at 1045.

### Claim Two: State Law Negligence

Plaintiff contends Defendants failed "to alleviate the unconstitutional and inhabitable conditions described" and that "their negligence in doing so" was the proximate cause of his injuries. (Doc. 22 at 13.) He maintains they breached "their duty to protect the health and safety of the Plaintiff," causing his injuries." (*Id*.) Plaintiff asserts the risk was "foreseeable, a certainty due to the nature of the unconstitutional conditions with the Plaintiff totally under the exclusive, care, custody and control" of the Defendants. (*Id*.) He states they "must carry the moral blame" for his injuries and "had a duty to prevent said injuries and unconstitutional conditions and the burden to do so." (*Id*.) Plaintiff maintains he was subjected to physical, emotional, and mental [abuse] … with no legal basis or purpose." (*Id*.) Defendants' acts were carried out knowingly, willfully, maliciously and "with reckless disregard with deliberate indifference" to Plaintiff's rights. (*Id*.) Plaintiff states he suffered and continues to suffer from physical injuries and is entitled to damages. (*Id*.)

Under California law, a public employee is liable for injury to a prisoner "proximately caused by his negligent or wrongful act or omission." Cal. Gov't Code § 844.6(d). The elements of negligence under California law are: "'(1) defendant's obligation to conform to a certain standard of conduct for the protection of others against unreasonable risks (duty); (2) failure to conform to that standard (breach of duty); (3) a reasonably close connection between the defendant's conduct and resulting injuries (proximate cause); and (4) actual loss (damages).'" *Corales v. Bennett*, 567 F.3d 554, 572 (9th Cir. 2009) (quoting *McGarry v. Sax*, 158 Cal.App.4th 983 (2008)).

Liberally construing the first amended complaint, Plaintiff plausibly alleges state law negligence claims against Defendants Cisneros, Baer, and Allison by asserting they had a duty of care and breached that duty, proximately causing his injuries and physical, mental, and emotional

8

damages.

## Claim Three: Premises Liability

Plaintiff contends Defendants knew of the substantial risk of serious harm he faced and "disregarded with deliberate indifference the risk by failing to act reasonably to avoid it." (Doc. 22 at 14.) He asserts Defendants were negligent in "maintaining premises and were the proximate cause" of his injuries, breaching their duty to protect his health and safety. (*Id*.) He maintains the risk was "foreseeable, a certainty due to the nature of the unconstitutional conditions with the Plaintiff totally under the exclusive, care, custody and control" of the Defendants. (*Id*. at 14-15.) He states they "must carry the moral blame" for his injuries and "had a duty to prevent said injuries and unconstitutional conditions and the burden to do so." (*Id*. at 15.) Plaintiff maintains he was subjected to physical, emotional, and mental [abuse] … with no legal basis or legitimate penological purpose." (*Id*.) Defendants' acts were carried out knowingly, willfully, maliciously and "with reckless disregard with deliberate indifference" to Plaintiff's rights. (*Id*.) Plaintiff states he suffered and continues to suffer from physical injuries and is entitled to damages. (*Id*.)

Under California law, "[p]remises liability is a form of negligence." *Brooks v. Eugene Burger Mgmt. Corp*., 215 Cal. App.3d 1611, 1619 (1989); *see Wilson v. J.P. Allen Co*., 57 F.Supp.3d 1249, 1253 (C.D. Cal. 2014) ("The same concepts of duty applicable to general negligence claims apply to premises liability claims"). "The owner of premises is under a duty to exercise ordinary care in the management of such premises in order to avoid exposing persons to an unreasonable risk of harm. A failure to fulfill this duty is negligence." *Brooks*, 215 Cal. App.3d at 1619 (quoting BAJI 8.00 (1983 rev.)). Under California law "[t]he elements of a negligence cause of action are: (1) a legal duty to use due care; (2) a breach of that duty; (3) the breach was the proximate or legal cause of the resulting injury; and (4) actual loss or damage resulting from the breach of the duty of care." *Wilson*, 57 F.Supp.3d at 1253.

To state a premises liability claim, the plaintiff must allege "that the defendant owned or controlled the property, that the defendant was negligent in the use or maintenance of the property, that the plaintiff was harmed, and that the defendant's negligence was a substantial factor in causing the harm." *Carter v. Nat'l R.R. Passenger Corp*., 63 F. Supp.3d 1118, 1144

(N.D. Cal. 2014). "A person who owns or controls property is negligent if he or she fails to use reasonable care to discover any unsafe conditions and to repair, replace, or give adequate warning of anything that could be reasonably expected to harm others." *Id.* at 1144-45.

The California Government Code provides that, other than certain exceptions, a public entity is not liable for injury to a prisoner due to a dangerous condition of public property. Cal. Gov. Code § 844.6(a)(2) and (c). By enacting this statute, the Legislature intended that prisons be immune from claims by prisoners due to a dangerous condition of public property. *Badiggo v. Cty. of Ventura*, 207 Cal. App.3d 357, 361 (1989). However, section 844.6 does not exonerate a public employee from liability for an injury caused by his negligent act or omission. Cal. Gov. Code § 844.6(d).

Even liberally construing the first amended complaint, Plaintiff fails to state cognizable premises liability claims against the named Defendants. While Plaintiff plausibly alleges Defendants were negligent, he fails to assert any named Defendant owned or controlled the property. *Carter*, 63 F. Supp.3d at 1144. And it would appear granting Plaintiff leave to amend in that regard would be futile.[3] Clearly, the named Defendants do not own the property, and the Court is skeptical it could be said they controlled the property in a liability context given the Legislature's intent to immunize prison officials from claims by prisoners due to a dangerous condition of public property (*see supra*).  Because Plaintiff has plausibly alleged negligence claims against the Defendants, and because prisons are immune from claims by prisoners due to a dangerous condition of public property, the Court will recommend the premises liability claims be dismissed.

**V.     PLAINTIFF'S REQUEST FOR ISSUANCE OF SUMMONS**

On October 10, 2024, Plaintiff filed a document titled "Plaintiff ask this Court to 'Court Stamp' his Summons." (Doc. 23.) He requests the Court issue a summons to Defendant Cisneros "so he can have the Sheriff's Office serve the warden." (*Id.*) Plaintiff additionally asks whether his first amended complaint is "still on the court's calendar." (*Id.*) He states he has "not heard

---

[3] "A district court may deny leave to amend when amendment would be futile." *Hartmann v. CDCR*, 707 F.3d 1114, 1130 (9th Cir. 2013).

10

anything from this Court regarding his complaint." (*Id.*)

Plaintiff's request for issuance of a summons will be denied. As stated in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued March 7, 2022, "the Court will direct the United States Marshal to initiate service of the complaint on defendants" once the Court has found the complaint "states a cognizable claim against the named defendants." (Doc. 4 at 3.)

Here, because the Court has now screened Plaintiff's first amended complaint and will recommend this action proceed only on his cognizable claims (claims one and two), if the district judge assigned to this action adopts this Court's recommendation, the Court will thereafter issue an order concerning service of the first amended complaint by the United States Marshal. At this stage, Plaintiff's request is premature.

Finally, Plaintiff is advised that the undersigned presides over approximately 90 active prisoner civil rights cases in various stages of litigation, and more than 300 other civil cases. While the Court regrets the delay in the litigation of this action, delays are unavoidable given the tremendous judicial resource emergency experienced throughout this District.

### VI. CONCLUSION, ORDER, AND RECOMMENDATIONS

The Court **ORDERS** as follows:

1. The Clerk of the Court is **DIRECTED** to randomly assign a district judge to this action; and
2. That Plaintiff's motion for a summons (Doc. 23) be **DENIED**.

Further, based upon the foregoing, the Court **RECOMMENDS** as follows:

1. That this action **PROCEED** *only* on Plaintiff's Eighth Amendment conditions of confinement claims (claim one) and state law negligence claims (claim two); and
2. That Plaintiff's state law premises liability claims (claim three) be **DISMISSED**.

These Findings and Recommendations will be submitted to the district judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

11

Recommendations." Failure to file objections within the specified time may result in waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 11, 2024**

UNITED STATES MAGISTRATE JUDGE