UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY,<br><br>           Plaintiff,<br><br>     v.<br><br>THERESA CISNEROS, et al.,<br><br>           Defendants. | Case No.: 1:22-cv-00270-JLT-CDB<br><br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO FILE AN OPPOSITION OR STATEMENT OF NON-OPPOSITION**<br><br>**14-DAY DEADLINE** |

Plaintiff Reginald Wayne Whatley is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment conditions of confinement claims and state law negligence claims against Defendants Allison, Baer, and Cisneros.

**I.     INTRODUCTION**

On July 21, 2025, Defendants filed a motion for partial summary judgment. (Doc. 39.) More particularly, they contend Defendant Allison should be dismissed because Plaintiff failed to exhaust his administrative remedies as to Allison. (*Id*. at 9-11.)

On August 14, 2025, the Court issued its Order Granting Substitution of Attorney and Order Directing Plaintiff to File Opposition or Statement of Non-Opposition to Defendants' Motion for Partial Summary Judgment Within 21 Days. (Doc. 40.) Specifically, attorney Royal DL Bond was substituted in as counsel of record in place of Plaintiff. (*Id.* at 2-3.) Further,

Plaintiff was directed to respond to Defendants' pending motion within 21 days. (*Id.*)

More than 21 days have passed, and Plaintiff has failed to file either an opposition or statement of non-opposition to Defendants' partial summary judgment motion concerning exhaustion.

## II. DISCUSSION

This Court's Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide that a "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See* Local Rule 110. Further, the Local Rules also state:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions.

Local Rule 230(*l*) ("Motions in Prisoner Actions"). Therefore, Plaintiff's opposition or statement of non-opposition to Defendants' pending motion to dismiss was originally due on or before August 11, 2025. However, on August 14, 2025, after approving the substitution of counsel for Plaintiff, the Court granted Plaintiff an additional 21 days within which to file an opposition or statement of non-opposition to Defendants' pending motion. (Doc. 40.) Nevertheless, more than 30 days have elapsed, and Plaintiff has filed neither an opposition nor a statement of non-opposition to Defendants' motion for partial summary judgment concerning exhaustion, nor has Plaintiff otherwise contacted the Court.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff **SHALL** show cause in writing, **within 14 days** of the date of service of this order, why sanctions should not be imposed for his failure to comply with the Local Rules. Alternatively, within that same time, Plaintiff may file an opposition or

2

statement of non-opposition to Defendants' motion filed July 21, 2025.

**Any failure by Plaintiff to timely comply with this order may result in the imposition of sanctions, including monetary sanctions and a recommendation that this action be dismissed for a failure to obey court orders and a failure to prosecute. Alternatively, Defendants' motion for partial summary judgment may be deemed unopposed and submitted for decision.**

IT IS SO ORDERED.

Dated: **September 19, 2025**　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE