UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY,<br><br>Plaintiff,<br><br>v.<br><br>THERESA CISNEROS, et al.,<br><br>Defendants. | Case No.: 1:22-cv-00270-JLT-CDB<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>(Doc. 41)<br><br>**ORDER GRANTING REQUEST FOR EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Doc. 42) |

Plaintiff Reginald Wayne Whatley is represented by counsel in this civil rights action pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment conditions of confinement claims and state law negligence claims against Defendants Allison, Baer, and Cisneros.

**I.    INTRODUCTION**

On July 21, 2025, Defendants filed their motion for partial summary judgment concerning exhaustion as to Defendant Allison. (Doc. 39.)

On August 14, 2025, the Court issued its Order Granting Substitution of Attorney and Order Directing Plaintiff to File Opposition or Statement of Non-Opposition to Defendants' Motin for Partial Summary Judgment Within 21 Days. (Doc. 40.)

1    When more than 21 days passed, on September 19, 2025, the Court issued its Order to
2 Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to
3 File an Opposition or Statement of Non-Opposition. (Doc. 41.) Plaintiff was ordered to respond in
4 writing within 14 days, or, alternatively, to file an opposition or statement of non-opposition
5 within that same period. (*Id*. at 2-3.)

6    On October 1, 2025, Plaintiff filed a response to the OSC (Doc. 42) and a proposed order
7 discharging the OSC and extending the filing deadline for an opposition (Doc. 43).

**II.    DISCUSSION**

9    Plaintiff's counsel asserts "good cause for delay." (Doc. 42.) She states the substitution of
10 attorney was granted after Defendants' motion for partial summary judgment was filed and, at the
11 time of the substitution, counsel did not possess "the full case file, discovery responses, or
12 exhaustion records necessary to prepare an adequate opposition." (*Id*. at 2.) Counsel attests she
13 required additional time to review the documentation, particularly that relating to the exhaustion
14 defense. (*Id*.) At the same time, counsel states she was seeking to obtain Plaintiff's "institutional
15 records from CDCR" and to communicate with Plaintiff "whose incarceration imposes
16 unavoidable" delays. (*Id*.) Counsel asserts Defendants have not been prejudiced by the brief
17 delay. (*Id*.) Counsel maintains "the substitution of counsel, delayed transfer of case files, and
18 difficulties in client communication constitutes excusable neglect" and asks that sanctions not be
19 imposed. (*Id*. at 3.) Plaintiff seeks an additional 14 days within which to file an opposition to
20 Defendants' motion for summary judgment.  (*Id*.)

21    While counsel for Plaintiff is correct that Defendants' pending motion for partial summary
22 judgment was filed prior to the Court granting the substitution of attorney on August 14, 2025,
23 that same August 14 order expressly directed Plaintiff to "file any opposition or statement of non-
24 opposition to Defendants' motion … **no later than 21 days from the date of this order**." (*See*
25 Doc. 40 at 3, emphasis in original.) Yet, counsel Plaintiff's response to the Court's OSC fails to
26 explain why counsel did not timely request an extension of the filing deadline prior to the Court's
27 issuance of the OSC on September 19, 2025.

28

2

This Court's Local Rule 144(d) provides that "[c]ounsel shall seek to obtain a necessary extension from the Court … as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor." Given counsel Plaintiff's OSC response, counsel unquestionably should have been aware of the need for an extension of time prior to expiration of the 21-day deadline for filing an opposition as provided in the Court's August 14, 2025, order.

While the Court concludes that Plaintiff's failure to comply with the Court's order and timely respond to Defendants' motion constitutes excusable neglect (*see In re Veritas Software Corp. Sec. Litig*., 496 F.3d 962, 973 (9th Cir. 2007)), in the light of counsel's conduct cited in the OSC and the response thereto, counsel's actions demonstrate carelessness. Counsel for Plaintiff is admonished to exercise better care in complying with this Court's orders and the Local Rules.

### III.  CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. The OSC issued September 19, 2025 (Doc. 41) is **DISCHARGED**;
2. Plaintiff's request for an extension of time (Doc. 42) is **GRANTED**;
3. Plaintiff **SHALL** file an opposition to Defendants' motion for partial summary judgment **within 14 days** of the date of this order. No further extensions of time will be granted absent a showing of extraordinary good cause; and
4. Defendants shall file any reply within 14 days. *See* Local Rule 230(*l*) (applicable to Motions in Prisoner Actions).

IT IS SO ORDERED.

Dated:   **October 2, 2025**                          _____
                                                       UNITED STATES MAGISTRATE JUDGE