1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9              EASTERN DISTRICT OF CALIFORNIA
10
11  REGINALD WAYNE WHATLEY,          Case No.: 1:22-cv-00270-JLT-CDB
12              Plaintiff,            **ORDER TO SHOW CAUSE IN WRITING**
                                     **WHY PLAINTIFF'S UNTIMELY**
13     v.                            **OPPOSITION TO DEFENDANTS'**
                                     **PARTIAL MOTION FOR SUMMARY**
14  THERESA CISNEROS, et al.,        **JUDGMENT SHOULD NOT BE STRICKEN**
                                     **AND WHY MONETARY SANCTIONS**
15              Defendants.          **SHOULD NOT BE IMPOSED**
16                                   5-Day Deadline
17

        Plaintiff Reginald Wayne Whatley is represented by counsel in this civil rights action

pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment

conditions of confinement claims and state law negligence claims against Defendants Allison,

Baer, and Cisneros.

    **I.      RELEVANT BACKGROUND**

        On July 21, 2025, Defendants filed a motion for partial summary judgment. (Doc. 39.)

Specifically, Defendants contend Defendant Allison should be dismissed because Plaintiff failed

to exhaust his administrative remedies as to Allison. (*Id*. at 9-11.)

        On August 14, 2025, the Court issued its Order Granting Substitution of Attorney and

Order Directing Plaintiff to File Opposition or Statement of Non-Opposition to Defendants'

Motion for Partial Summary Judgment Within 21 Days. (Doc. 40.) Specifically, attorney Royal

1    DL Bond was substituted in as counsel of record in place of Plaintiff. (*Id.* at 2-3.) Further,

2    Plaintiff was directed to respond to Defendants' pending motion within 21 days. (*Id.*)

3          On September 19, 2025, when more than 21 days passed and Plaintiff failed to file either

4    an opposition or statement of non-opposition to Defendants' partial summary judgment motion

5    concerning exhaustion, the Court issued its Order to Show Cause (OSC) in Writing Why

6    Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of

7    Non-Opposition. (Doc. 41.) Plaintiff was directed to respond within 14 days. (*Id.* at 2.)

8          On October 1, 2025, Plaintiff filed a written response to the OSC. (Doc. 42.)

9          On October 2, 2025, the Court issued its order discharging the OSC and granting Plaintiff

10   an extension of time within which to file an opposition. (Doc. 44.) The order expressly provided

11   that "Plaintiff **SHALL** file an opposition to Defendants' motion for partial summary judgment

12   **within 14 days** of the date of this order. No further extensions of time will be granted absent a

13   showing of extraordinary good cause." (*Id.* at 3, emphasis in original.)

14         Approximately one month after the deadline passed, on November 19, 2025, Plaintiff filed

15   an opposition to Defendants' motion. (Doc. 46.)

16         **II.    DISCUSSION**

17         In his belatedly-filed opposition, Plaintiff neither acknowledges nor offers any explanation

18   for his significant delay in filing his response to Defendants' motion for summary judgment. (*See*

19   Doc. 46, generally.) The opposition was signed by Plaintiff's counsel reflecting a signature date of

20   October 8, 2025, and served that same date. (Doc. 46 at 9, 15, 16, 20, 22 & 53.) Nevertheless, the

21   opposition was not *filed* with the Court on that date.

22         This Court's Local Rules, applying to motions in prisoner actions, provide that the "[f]ailure

23   of the responding party to file an opposition or to file a statement of no opposition may be deemed

24   a waiver of any opposition to the granting of the motion and may result in the imposition of

25   sanctions." *See* Local Rule 230(*l*).[1] Counsel for Plaintiff was previously "admonished to exercise

26

27   ───────────────
     [1] And failing to file an opposition may be "construed by the Court as a non-opposition to the motion." Local Rule

28   230(c). Plaintiff was so advised on September 19, 2025. (*See* Doc. 41 at 3 ["Alternatively, Defendants' motion for
     partial summary judgment may be deemed unopposed and submitted for decision," emphasis omitted].)

better care in complying with this Court's orders and the Local Rules" (Doc. 44 at 3:11); yet, counsel offers no explanation to excuse failing once again to comply with this Court's directives.

Notably, the First Informational Order in Prisoner/Civil Detainee Civil Rights Case issued March 7, 2022, in this action provides as follows: "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 4 at 1.) That same order provides that "[a]bsent good cause, all Court deadlines are strictly enforced." (*Id*. at 4.)

The Court will require Plaintiff's counsel to show cause in writing why sanctions should not be imposed for failing to comply with the Court's orders and Local Rules. Counsel's response will be considered in this Court's determination of whether the opposition is stricken (and Defendants' motion is deemed unopposed), whether monetary sanctions will be imposed, or whether both such sanctions are appropriate in this case.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** that:

1. Plaintiff **SHALL** show cause in writing, **within five (5) days of the date of service of this order**, why sanctions should not be imposed for Plaintiff's failure to comply with this Court's orders and its Local Rules. Counsel for Plaintiff shall provide an explanation specifically addressing the late submission, and the discrepancy involving the date the opposition was signed and served on Defendants but not filed with the Court. Further, counsel shall expressly address the sanctions being considered by the Court; and

//
//
//
//
//

1          **2.   Any failure by Plaintiff to timely comply with this Order will result in a**

2              **recommendation that this action be dismissed for a failure to obey court orders**

3              **and this Court's Local Rules.**

4     IT IS SO ORDERED.

5        Dated:   **November 20, 2025**                    _____

6                                                          UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4