Royal DL Bond, Esq. SBN:346254
**BOND LAW LEGAL GROUP**
30141 Antelope Rd D228
Menifee, CA 92584
1(844) 476-9254| 1(844) 464-0904
royal@bondlawlegal.com

Attorney for Plaintiff Reginald Wayne Whatley

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REGINALD WAYNE WHATLEY, | CASE NO: 1:22-cv-00270 JLT CDB |
| Plaintiff, | **PLAINTIFF'S RESPONSE IN WRITING TO ORDER TO SHOW [UNTIMELY OPPOSITION]** |
| v. | 5-DAY DEADLINE |
| THERESA CISNEROS, et al., | |
| Defendant(s). | |

PLAINTIFF, by and through undersigned counsel, Royal DL Bond, hereby responds to the Court's November 20, 2025, Order to Show Cause [ECF No. 47] regarding the untimely filing of Plaintiff's opposition to Defendants' motion for partial summary judgment, and respectfully requests that the Court (1) accept the opposition as filed, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B) and the doctrine of excusable neglect, and consider it on the merits, and (2) decline to impose monetary sanctions.

## I. EXPLANATION FOR THE LATE FILING

Under the operative briefing schedule, Plaintiff's opposition was due on October 16, 2025. Plaintiff's opposition was timely drafted and completed by undersigned counsel in advance of that deadline. However, due to internal staff turnover and a breakdown in communication with a staff member, the opposition was not actually filed by the October 16 deadline.

Specifically, on or before October 8, 2025, undersigned counsel distinctly instructed a staff member-who is local but was working remotely—to file the completed opposition through the CM/ECF system. That staff member acknowledged assignments up to approximately October 8, 2025, but thereafter became increasingly, and then completely, unresponsive to counsel's communications. After October 8, 2025, the staff member failed to respond to emails, phone calls, or text messages, and failed to file the opposition despite explicit direction to do so.

Based on this staff member's prior performance and the clear instruction to file the opposition before the October 16 deadline, undersigned counsel had a reasonable, good-faith belief that the filing had been completed as directed. When undersigned counsel subsequently discovered that the opposition had not, in fact, been filed, counsel immediately caused the already-prepared opposition to be filed without further delay.

In light of this incident and related issues, the staff member at issue no longer works for undersigned counsel's firm. That individual's entire caseload and assignments have been transferred to another staff member, and additional internal procedures have been implemented to ensure that all electronic filings are confirmed and verified by counsel before any critical deadline passes.

## II. LEGAL STANDARD: RULE 6(b)(1)(B) AND EXCUSABLE NEGLECT

Federal Rule of Civil Procedure 6(b)(1)(B) provides that, when an act must be done within a specified time, the Court "may, for good cause, extend the time. . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

The Supreme Court, in Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership, identified four non-exclusive factors to guide the excusable neglect inquiry: "(1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." 507 U.S. 380, 395 (1993).

The Ninth Circuit has adopted and applied the Pioneer factors in the Rule 6(b) context. See, e.g., Briones v. Riviera Hotel & Casino, 116 F.3d 379, 381-82 (9th Cir. 1997) (holding that Pioneer governs excusable neglect under Rule 6(b)); Pincay v. Andrews, 389 F.3d 853, 855-58 (9th Cir. 2004) (en banc) (emphasizing that the Pioneer factors are equitable and case-specific, and that even calendaring or clerical mistakes can constitute excusable neglect depending on the circumstances); Bateman v. U.S. Postal Serv., 231 F.3d 1220, 1223-25 (9th Cir. 2000) (finding excusable neglect where counsel failed to respond to a motion due to personal and office-related issues, with limited delay and no serious prejudice).

Under this framework, the Court has broad discretion to permit a late filing where the equitable balance of the Pioneer factors favors relief.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE FOR LATE FILING
3

## III. APPLICATION OF THE EXCUSABLE NEGLECT FACTORS

A. Danger of Prejudice to Defendants

There is no meaningful prejudice to Defendants form the Court's acceptance of Plaintiff's opposition is filed. Defendants' ability to respond to the arguments in Plaintiff's opposition, to conduct discovery, and to otherwise defend this action is not impaired.

- The current posture of the case underscores the absence of prejudice:
- Defendants have recently undergone internal staffing changes and substituted new counsel into this matter.
- In light of those internal changes, Defendants' counsel recently entered into a joint stipulation with Plaintiff to modify and extended the case deadlines so that all parties and counsel could get caught up and prepare the case properly.
- The Court has since granted that stipulation and extended both the discovery cutoff and dispositive motion deadlines.

Against this backdrop, the period between the October 16, 2025, deadline and the subsequent filing of Plaintiff's opposition-while regrettable does not materially affect Defendant's rights or litigation strategy and does not meaningfully disrupt the case schedule as now modified. This factor strongly favors a finding of excusable neglect. See Bateman, 231 F.3d at 1224-25 (finding no serious prejudice where delay did not impair defendant's ability to respond on the merits).

B. Length of Delay and Impact on Judicial Proceedings

Plaintiff acknowledges that the opposition was filed several weeks after the October 16, 2025, deadline. However, the delay must be evaluated in context. The opposition was completed

before the deadline; the failure was in transmission to the Court due to a discrete staff breakdown. Once undersigned counsel learned that the opposition had not been filed, the already-prepared brief was promptly.

Any impact on the Court's schedule is further mitigated by the fact that the parties have since stipulated to, and the /court has granted, and extension of key case deadlines, including the discovery cutoff and dispositive motion deadline. As in Pioneer, the "length of the delay and its potential impact on judicial proceedings," 507 U.S. at 395, is limited in practical effect under the circumstances and weighs in favor of excusable neglect.

**C. Reason for the Delay**

The reason for the delay lies in an internal staffing failure: a staff member who was expressly instructed before October 8, 2025, to file the completed opposition by the October 16, 2025, deadline failed to do so and then ceased communications with counsel despite multiple attempts by counsel to reach him by email, phone, and text.

The Ninth Circuit has recognized that even negligence, including calendaring or clerical errors, can constitute excusable neglect in appropriate circumstances. See Pincay, 389 F.3d at 855-58 (upholding district court's finding of excusable neglect where a paralegal miscalendared an appellate deadline); Briones, 116 F.3d at 382 (remanding for application of Pioneer factors where pro se litigant missed deadline due to understandable mistake) ; Bateman, 231 F.3d at 1223-25 (finding excusable neglect where counsel's failures were negligent but not in bad faith).

Here, the delay was not caused by any desire to gain a tactical advantage or disregard the Court's rules. The opposition was timely drafted; counsel reasonably believed it had been filed as directed; and once the failure was discovered, corrective action was taken promptly. Further,

the staff member responsible is no longer employed by the firm, his caseload has been reassigned, and additional controls have been implemented to prevent a recurrence. On balance, and considering the remedial steps taken, the reason for the delay is consistent with excusable neglect under the case law.

### D. Good Faith

Plaintiff and undersigned counsel have acted in good faith through these proceedings. There is no evidence that the delay was strategic or that counsel sought to manipulate the schedule.

Counsel's prompt filing of the already-prepared opposition upon discovery the missed deadline, termination of the non-performing staff member, and implementation of additional safeguards all reflect good-faith efforts to remedy the problem and to respect the Court's deadline going forward. See Bateman, 231 F.3d at 1225 (noting lack of bad faith as a factor supporting excusable neglect).

Considering all four Pioneer factors together, Plaintiff respectfully submits that the late filing of the opposition is the product of excusable neglect with the meaning of Rule 6(b)(1)(B), and that the equitable balance favors permitting the opposition to be considered on its merits.

### IV.    MONETARY SANCTIONS ARE NOT WARRANTED

Plaintiff and undersigned counsel sincerely regret the missed deadline and the resulting burden on the Court. However, under the circumstances described above, monetary sanctions are not necessary to secure future compliance or to vindicate the Court's authority.

The delay, while several weeks, has not caused meaningful prejudice to Defendants; it resulted from a discrete and now-remedied staffing problem rather than willful disobedience; and

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE FOR LATE FILING

counsel has already taken concrete corrective measures, including removing the responsible staff member, reassigning his caseload, and implementing additional filing-verification procedures.

In light of the strong preference in this Circuit for resolving matters on the merits rather than by default or technical forfeiture, Plaintiff respectfully requests that the Court discharge the Order to Show Cause without imposing monetary sanctions. See, e.g., Bateman, 231 F.3d at 1224-25 (reversing denial of relief form default judgment and emphasizing the policy favoring decisions on the merits).

I. **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests and prays that the Court:

1. Find that Plaintiff's late filing of the opposition was the result of excusable neglect with the meaning of Fed. R. Civ. P. 6(b)(1)(B);

2. Accept Plaintiff's opposition to the Defendants' motion for partial summary judgment as filed and consider it on the merits;

3. Discharge the November 20, 2025, Order to Show Cause (ECF No. 47); and

4. Decline to impose monetary sanctions on Plaintiff or Plaintiff's counsel.

DATED: November 23, 2025                              Respectively submitted,

                                                             **BOND LAW LEGAL GROUP**

                                                   By: _____

                                                      Royal DL. Bond, Esq.
                                                      Attorney for Plaintiff
                                                      Reginald Wayne Whatley

## DECLARATION OF COUNSEL

I, Royal DL Bond, declare as follows:

1. I am an attorney duly licensed to practice law before all courts of the State of California and admitted to practice in the United States District Court for the Eastern District of California. I am counsel of record for Plaintiff Reginald Whatley in the above-captioned matter. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would competently testify thereto.

2. I submit this Declaration in support of Plaintiff's Response to the Court's November 20, 2025, Order to Show Cause (ECCF No. 47) regarding the timing of Plaintiff's opposition to Defendants' partial motion for summary judgment.

3. Under the applicable schedule, Plaintiff's opposition to Defendants' partial motion for summary judgment was due on October 16, 2025.

4. I timely prepared and completed Plaintiff's opposition brief in advance of the October 16, 2025, deadline. Before that deadline, on or before October 8, 2025, I expressly instructed a staff member employed by my office to file the completed opposition through the Court's CM/ECF system.

5. The staff member I tasked with filing the opposition was local but working remotely. Up to approximately October 8, 2025, that staff member communicated with me regarding case assignments, including electronic filings.

6. After approximately October 8, 2025, this staff member became increasingly unresponsive and then ceased responding altogether to my efforts to communicate, including multiple emails, phone calls, and text messages.

7. At the time, based on this staff member's prior performance and my direct instruction to file the opposition by the October 16, 2025, deadline, I believed in good faith that the opposition had been filed as directed.

PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE FOR LATE FILING
8

8. Thereafter, upon reviewing the docket for this case on or about November 19, 2025, I learned that Plaintiff's opposition to Defendants motion for partial summary judgment had not been filed.

9. Once I discovered that the opposition had not been filed, I immediately took steps to file the already-prepared opposition without further delay.

10. The staff member who failed to file the opposition and who stopped communicating with me no longer works for my firm. In light of this incident and related performance issues, his employment has been terminated.

11. That former staff member's entire caseload and remaining assignments have been transferred to another staff member under my direct supervision.

12. In response to this incident, I have implemented additional internal procedures to ensure compliance with court deadlines, including but not limited to:

    a. Requiring a second verification step by counsel for all critical CM/ECF filings;

    b. Maintaining a centralized, regularly reviewed calendar of all briefing deadlines; and

    c. Requiring prompt written confirmation from staff of all filings completed on my instruction.

13. At no time did I or my client intend to disregard the Court's orders or to gain any tactical advantage by delaying the filing of Plaintiff's opposition. The opposition was drafted and completed in a timely manner, and the failure to file it by the deadline was the result of this discrete, now-remedied staffing problem.

14. To my knowledge, Defendants have bot suffered any meaningful prejudice from the timing of Plaintiff's opposition. Defendants have recently substituted new counsel into this case as a result of their own internal staffing changes, and counsel for both sides have stipulated to,

and the Curt has granted, extensions of key case deadlines-9including the disvo9ery cutoff and dispositive motion deadline to allow all parties and counsel to prepare the case properly.

15. I sincerely regret the missed filing deadline and the burden this issue has placed on the Court. I am committed to ensuring that, going forward, deadlines in this case are met and that the Court's orders and rules are strictly followed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on November 23, 2025, at Riverside, California

_____

Royal DL Bond, Esq.  Declarant

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF RIVERSIDE**

I am employed in the County of Riverside, State of California. I am over the age of 18 and not a party to the within action; my address of employment is 30141 Antelope Rd D228, Menifee, CA 92584.

On November 23, 2025, I served the foregoing document described as **PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE FOR LATE FILING** on the following parties:

BY E-MAIL OR ELECTRONIC TRANSMISSION: Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the document(s) to be sent/served to all parties registered with CM/ECF system and service will be accomplished through and by said system.

I declare under penalty of perjury under the laws of the State of California and the United States of America the foregoing is true and correct and that this declaration was executed on November 23, 2025, at Riverside, California.

Date: 11/23/2025

Declarant