1
2
3
4
5
6
7
8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10

11    REGINALD WAYNE WHATLEY,                  Case No.: 1:22-cv-00270-JLT-CDB

12                  Plaintiff,                 **ORDER DISCHARGING ORDER TO
                                               SHOW CAUSE AND IMPOSING TOTAL
13           v.                                SANCTION OF $300 UPON PLAINTIFF'S
                                               COUNSEL**
14    THERESA CISNEROS, et al.,
                                               (Docs. 47 & 50)
15                  Defendants.
                                               **14-DAY DEADLINE**
16

17

18           Plaintiff Reginald Wayne Whatley is represented by counsel in this civil rights action

19    pursuant to 42 U.S.C. section 1983. This action proceeds on Plaintiff's Eighth Amendment

20    conditions of confinement claims and state law negligence claims against Defendants Allison,

21    Baer, and Cisneros.

22           I.      INTRODUCTION

23           On July 21, 2025, Defendants filed a motion for partial summary judgment. (Doc. 39.)

24    Specifically, Defendants contend Defendant Allison should be dismissed because Plaintiff failed

25    to exhaust his administrative remedies as to Allison. (*Id*. at 9-11.)

26           On August 14, 2025, the Court issued its Order Granting Substitution of Attorney and

27    Order Directing Plaintiff to File Opposition or Statement of Non-Opposition to Defendants'

28    Motion for Partial Summary Judgment Within 21 Days. (Doc. 40.) Specifically, attorney Royal

1  DL Bond was substituted in as counsel of record in place of Plaintiff. (*Id.* at 2-3.) Further,

2  Plaintiff was directed to respond to Defendants' pending motion within 21 days. (*Id.*)

3      On September 19, 2025, when more than 21 days passed and Plaintiff failed to file either

4  an opposition or statement of non-opposition to Defendants' partial summary judgment motion

5  concerning exhaustion, the Court issued its Order to Show Cause (OSC) in Writing Why

6  Sanctions Should Not be Imposed for Plaintiff's Failure to File an Opposition or Statement of

7  Non-Opposition. (Doc. 41.) Plaintiff was directed to respond within 14 days. (*Id.* at 2.)

8      On October 1, 2025, Plaintiff filed a written response to the OSC. (Doc. 42.)

9      On October 2, 2025, the Court issued its order discharging the OSC and granting Plaintiff

10  an extension of time within which to file an opposition. (Doc. 44.) The order expressly provided

11  that "Plaintiff **SHALL** file an opposition to Defendants' motion for partial summary judgment

12  **within 14 days** of the date of this order. No further extensions of time will be granted absent a

13  showing of extraordinary good cause." (*Id.* at 3, emphasis in original.)

14      On November 19, 2025, Plaintiff filed an opposition to Defendants' motion. (Doc. 46.)

15      On November 20, 2025, the Court issued its Order to Show Cause in Writing Why

16  Plaintiff's Untimely Opposition to Defendants' Partial Motion for Summary Judgment Should

17  Not be Stricken and Why Monetary Sanctions Should Not be Imposed. (Doc. 47.) A response was

18  to the OSC was due within five days. (*Id.* at 3.)

19      On November 23, 2025, Plaintiff filed a response to the OSC. (Doc. 50.)

20  **II.    DISCUSSION**

21      ***Plaintiff's Response to the OSC***

22      Plaintiff's counsel explains that while she drafted and completed a timely opposition to

23  Defendants' pending summary judgment motion, "due to internal staff turnover and a breakdown

24  in communication with a staff member," the opposition was not timely filed. (Doc. 50 at 2.) More

25  specifically, counsel attests that on October 8, 2025, she directed a member of her staff to file the

26  completed opposition with the Court. (*Id.*) Counsel indicates that after October 8, 2025, despite

27  messages sent to the employee via email, text, and telephone, she received no response to her

28  inquiries. (*Id.*) Counsel asserts that based on the employee's prior performance and her "clear

instruction to file the opposition before the October 16 deadline," she "had a reasonable, good-faith belief that the filing had been completed as directed." (*Id.*) On November 19, 2025, when counsel subsequently discovered the opposition had not been filed prior to the deadline, she immediately "caused the already-prepared opposition to be filed without further delay." (*Id.* at 2, 9.) Counsel attests the staff member is no longer employed with her firm and that additional procedures have since been implemented to avoid a similar situation. (*Id.* at 2.)

Plaintiff's counsel asserts Rule 6(b)(1)(B) of the Federal Rules of Civil Procedure should apply and that the applicable *Pioneer*[1] factors warrant a finding of excusable neglect. (Doc. 50 at 3-6.) Further, counsel contends monetary sanctions are not necessary to secure compliance with the Court's orders moving forward. (*Id.* at 6-7.)

### *Monetary Sanctions are Appropriate*

#### Governing Authority

The Federal Rules of Civil Procedure provide that the purpose of the rules is "to secure the just, speedy and inexpensive determination of an action." Fed. R. Civ. P. 1. To effectuate this purpose, the rules provide for sanctions against parties that fail to comply with court orders or that unnecessarily multiply the proceedings. *See, e.g.*, Fed. R. Civ. P. 16(f) & 37(b). Relevant here, Rule 16(f)(1)(C) authorizes the Court to issue any just order if a party or attorney "fails to obey a scheduling or other pretrial order."[2]

The Court also possesses inherent authority to impose sanctions to manage its own affairs to achieve the orderly and expeditious disposition of cases. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). The Court's inherent power is that which is necessary to the exercise of all others, including to protect the due and orderly administration of justice and maintain the authority and dignity of the Court. *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 764 (1980). In other words, the Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. *Bautista v. Los Angeles County*, 216

---

[1] *Pioneer Inv. Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993).

[2] The Court's orders issued August 14, September 19, October 2, and November 20, 2025 (Docs. 40, 41, 44 & 47, respectively) are pretrial orders. Fed. R. Civ. P. 16(f)(1)(C).

F.3d 837, 841 (9th Cir. 2000).  The Court also may impose sanctions for civil contempt "to coerce obedience to a court order." *Gen. Sig. Corp. v. Donallco, Inc*., 787 F.2d 1376, 1380 (9th Cir. 1986); *see Lasar v. Ford Motor Co*., 399 F.3d 1101, 1110 (9th Cir. 2005) (discussing court's authority to impose civil sanctions "intended to be remedial by coercing the defendant to do what he had refused to do."); *e.g.*, *Gen. Sig. Corp. v. Donallco, Inc*., 933 F.2d 1013 (9th Cir. 1991) (affirming district court's award of $100,000 sanction that "was coercive and not compensatory" as "an amount required to prevent future violations") (unpublished); *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992) (affirming district court's imposition of sanctions to coerce compliance with court order). Similarly, the Local Rules of the Eastern District of California provide that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court."  E.D. Cal. L.R. 110.

Further, this Court's Local Rules also state:

> Opposition, if any to the granting of a motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect, specifically designating the motion in question. *Failure of the responding party to file an opposition or statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions*.

Local Rule 230(*l*), emphasis added.

<u>Analysis</u>

This is not the first time the undersigned has admonished Plaintiff for failing to comply with a Court order. Specifically, on October 2, 2025, in addressing Plaintiff's response to an earlier OSC and counsel's failure to request an extension of the relevant deadline, the Court stated, in pertinent part: "Counsel for Plaintiff is admonished to exercise better care in complying with this Court's orders and Local Rules." (Doc. 44 at 3.) Despite the admonition, coming just two weeks before the relevant deadline, Plaintiff's opposition to Defendants' partial summary judgment was filed more than 30 days late. The undersigned finds counsel's conduct sanctionable. *See, e.g*., *Ikerd v. Lacy*, 852 F.2d 1256, 1258-59 (10th Cir. 1988) (stating "neither contumacious attitude nor chronic failure

4

1    is a necessary threshold to the imposition of sanctions" under Rule 16).

2         Next, the Court finds that the declaration of Plaintiff's counsel in response to the Court's

3    most recent OSC adequately responds to the Court's directions. The Court notes, however, that

4    counsel Bond's declaration demonstrates at least that she acted carelessly with respect to her duty

5    to comply with the Court's orders and this district's Local Rules. Specifically, Rule 5.3 of the

6    California Rules of Professional Conduct provides "[w]ith respect to a nonlawyer employed or

7    retained by or associated with a lawyer," "a lawyer having direct supervisory authority over the

8    nonlawyer, whether or not an employee of the same law firm, shall make reasonable efforts to

9    ensure that the person's conduct is compatible with the professional obligations of the lawyer" and

10    "shall be responsible for conduct of such a person." *See* Cal. Rules Prof. Conduct 5.3(b) & (c).

11    Here, Plaintiff's counsel directed her employee to file Plaintiff's completed opposition on October

12    8, 2025, prior to the relevant deadline. But counsel failed to properly supervise adherence by the

13    nonlawyer to her directions. This is particularly true where counsel repeatedly reached out to her

14    employee after October 8 but received no response and then, despite that lack of a response,

15    seemingly waited more than a month (and only after the Court issued its show cause order) to check

16    the docket for this action only to the learn the opposition was never filed. *See* Cal. Rules Prof.

17    Conduct 5.3(c) ("a lawyer shall be responsible for conduct of such a person that would be a

18    violation of these rules ... if engaged in by a lawyer if" the lawyer orders the conduct, ratifies the

19    conduct, or knows of the conduct and fails to take "reasonable remedial action"); *see also Trousil*

20    *v. State Bar*, 38 Cal. 3d 337 (1985) (upholding discipline of attorney for errors he claimed were

21    committed by his secretary when the attorney failed to show he "satisfactorily supervised his office

22    staff"). "It is certainly understandable that attorneys frequently choose to delegate [filing tasks].

23    But it should never be forgotten that the attorney of record is ultimately responsible for [meeting

24    prescribed filing deadlines]." *Dela Rosa v. Scottsdale Memorial Health Systems, Inc.*, 136 F.3d

25    1241, 1244 (9th Cir. 1998). In other words, staff negligence or carelessness does not constitute a

26    sufficient showing under the applicable law providing for reconsideration of a court order or relief

27    from sanctions on the grounds of purported excusable neglect.

28         The Court will not strike Plaintiff's opposition filed November 19, 2025. Instead, to deter

1    future violations and coerce compliance with this Court's orders and its Local Rules, the Court will

2    impose a one-time monetary sanction against Plaintiff's counsel in the amount of $300.00.[3]

3         **III.**     **CONCLUSION AND ORDER**

4         Accordingly, the Court **HEREBY ORDERS** that:

5       1. The OSC issued November 20, 2025 (Doc. 47) is **DISCHARGED**; and

6       2. Plaintiff's counsel **SHALL** pay the Clerk of the Court the sum of $300.00 in sanctions

7          **within 14 days** of the entry of this Order. Furter, **within three (3) days** of payment of

8          the sanction sin full, Plaintiff shall file proof of payment with the Court.

9         <u>**Any failure by Plaintiff to timely or fully comply with this Order may result in the**</u>

10 <u>**imposition of further sanctions.**</u>

11   IT IS SO ORDERED.

12    Dated:    **November 24, 2025**

13                               UNITED STATES MAGISTRATE JUDGE

---

27 [3] *See In re Baker*, 744 F.2d 1438, 1442 (10th Cir. 1984) ("If the fault lies with the attorney, that is where the impact of sanction should be lodged.").